United States District Court
Southern District of Texas
**ENTERED**
March 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| David T. Moore, §<br>　　Petitioner, §<br>§<br>v. §<br>§ Civil Action H-21-557<br>Bobby Lumpkin, §<br>Director, Texas Department §<br>of Criminal Justice, Correctional §<br>Institutions Division, §<br>　　Respondent. § | |

# Report and Recommendation

David T. Moore has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the conditions of his confinement. (D.E. 1.) Moore asserts that inmates at the Estelle Unit of the Texas Department of Criminal Justice are unlawfully grouped together, subjected to unsanitary food practices, and denied adequate medical care and recreation in violation of the Eighth Amendment, the Americans with Disabilities Act, and Texas Department of Criminal Justice policies. Moore moves to compel emergency transport to a privately-run correctional facility. (D.E. 3.) He also moves to proceed *in forma pauperis*. (D.E. 2.)

"[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)). Because Moore challenges the conditions of his confinement, not "the very fact or duration" of his confinement, his petition is construed as a civil rights complaint under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973) (explaining that

habeas relief is considered in cases where the fact or duration of confinement is challenged whereas civil rights actions challenge conditions of confinement).

The distinction between a civil rights action and a habeas action is vital because of requirements imposed by the Prison Litigation Reform Act (PLRA), which do not apply to habeas cases. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The PLRA requires prisoners asserting a § 1983 civil rights claim to pay the $350.00 filing fee even if they receive leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a), 1915(b). They must also submit a certified copy of their trust fund account statement and an affidavit that they are unable to pay the required filing fees. 28 U.S.C. § 1915(a)(2). Moore has not provided any of this information.

Moreover, the PLRA requires a court to review the pleadings and "dismiss the case" if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see* 28 U.S.C. § 1915A(b) (setting forth the same grounds for dismissal). If a prisoner incurs three dismissals, he loses his eligibility to proceed *in forma pauperis* and may be barred from filing suit unless he can show that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

On June 16, 2020, Moore incurred his third dismissal and was barred from proceeding *in forma pauperis* absent the imminent danger exception under § 1915(g). *Moore v. Collier*, No. CV H-20-2048, 2020 WL 3250983 (S.D. Tex. June 16, 2020). Moore alleges that he is being housed with inmates that are not in his classification, that the prison guards have had to use pepper spray on other inmates, that he is being served cold and raw food, and that he is receiving inadequate medical treatment. He alleges that he has met with prison officials about his complaints and has been trying to effectuate change for many months. The court has carefully considered all of Moore's allegations and construed them in the light most favorable to him. The court cannot construe any of Moore's allegations as threats of

imminent danger of serious physical injury. Moore is complaining about past events and does not explain how he is currently in imminent danger. Although he disapproves of the medical treatment he is receiving, he appears to be receiving medical treatment. Although he does not like the food he is being fed, he is being given food. *See Clay v. UTMBH CMC Estelle Unit Med. Employees*, 752 F. App'x 195, 196 (5th Cir. 2019) (determining that disagreements with received medical care were insufficient to show imminent danger); *Hicks v. TDCJ*, No. 3:18-MC-0014, 2018 WL 4953198, at *2 (S.D. Tex. Oct. 12, 2018) (same); *Canady v. Roesler*, 668 F. App'x 642 (5th Cir. 2016) (concluding that allegations of one physical altercation two years prior and physical threats two months prior were insufficient to show imminent danger).

The court recommends that Moore's civil rights claims related to his confinement be dismissed without prejudice as barred by 28 U.S.C. § 1915(g). Moore's motion to proceed *in forma pauperis* (D.E. 2) and motion to compel emergency transport (D.E. 3) are denied.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 4, 2021.

_____
Peter Bray
United States Magistrate Judge